### PRICE *v.* ALDRED *et al.*

FISH, C. J. Mrs. M. L. Price instituted an equitable action against J. W. Aldred, the Citizens Bank of Sandersville, and the Bartow Bank. The petition alleged the following in substance: "A few days before the April quarterly term of the city court of Sandersville," plaintiff's husband, in good faith and for a valuable consideration, conveyed to her all of his undivided interest in a described telephone company. At the April quarterly term the above-named banks obtained separate common-law judgments for stated amounts against plaintiff's husband, aggregating $616.90. Petitioner, at the time of the conveyance by her husband, owned one half interest in the telephone company, and by virtue of the conveyance she acquired the whole interest therein. Some time after the judgments were entered of record the plaintiff sold the telephone company to Aldred for $2000; but on account of the judgments above mentioned, which were disclosed by the records of the county, he required her to allow him to withhold of the purchase-price the amount of the judgments, to protect him against loss. She complied with that requirement. The creditors did not levy on the property; and in order to settle the question of the validity of the sale to the plaintiff by her husband, she requested the judgment creditors to make levies, which they refused to do, but, while refusing, "are contending to said J. W. Aldred that the property heretofore mentioned is subject to their executions because it [the sale of the property by plaintiff's husband to her] was without consideration, not in good faith, and for the purpose of defrauding them as creditors." Such contentions deter Aldred from paying over to plaintiff the balance of the purchase-price, and plaintiff "can not force him to pay said money under her contract with him until he is protected from the attack of the creditors aforementioned." The prayers were: (*a*) That each of

the banks "be required to interplead in this suit with petitioner the question as to whether or not the property heretofore mentioned is subject to their executions, and that a judgment or decree may be entered up by the court, finding the property not subject to said executions, and that said executions be declared null and void as far as the property hereinbefore mentioned is concerned." (b) That plaintiff have judgment against Aldred for the balance of the purchase-price retained by him, with interest. (c) For process and general relief. Each of the banks filed a general demurrer to the petition, and Aldred made a motion in the nature of a general demurrer to dismiss the action. The court sustained all of the demurrers, and dismissed the case. The plaintiff excepted. Held:

(a) The demurrers were properly sustained and the action dismissed. The plaintiff had no right to require the two banks, who were judgment creditors of her husband, to appear in court and litigate with her the question as to whether or not the telephone company purchased by her from her husband was subject to their executions.

(b) The petition itself alleges that plaintiff can not force Aldred to pay her the balance of the purchase-price of the property "until he is protected from the attack of the creditors aforementioned." Clearly, therefore, no cause of action was set out against Aldred.

Judgment affirmed. All the Justices concur, except Atkinson, J., who dissents.

AUGUST 31, 1917.

Equitable petition. Before Judge Hardeman. Washington superior court. September 5, 1916.

R. G. Price and W. M. Goodwin, for plaintiff.

A. R. Wright and J. J. Harris, for defendants.